1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

CHARLES E. CRAYON,                    )   Case No. CV 15-9919-JFW (AS)
                                       )
                Petitioner,            )   **ORDER OF DISMISSAL**
                                       )
        v.                             )   **WITHOUT PREJUDICE**
                                       )
DAVE DAVEY,                            )
                                       )
                Respondent.            )
                                       )
_____ )

**INTRODUCTION**

On December 28, 2015, Charles E. Crayon ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, accompanied by supporting Exhibits. (Docket Entry No. 1).[1]

_____

[1]     On September 6, 2012, Petitioner filed a  Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 in this Court. (Charles E. Crayon v. Rick Hill, CV 12-7643-JSL (AN)).  On October 19, 2012, the Court denied and

1

The Petition appears to allege the following grounds for federal habeas relief: (1) Petitioner suffered a diabetic attack in front of the jury but did not receive any medication or treatment, in violation of the Eighth Amendment; (2) Petitioner received ineffective assistance of counsel based on his trial counsel's failure to call a psychiatric expert to testify at trial; (3) Petitioner received ineffective assistance of counsel based on his trial counsel's opening statement; and (4) Petitioner and his trial counsel had a conflict of interest as reflected in his trial counsel's failure to conduct discovery. (See Petition at 5-6).

## PROCEDURAL BACKGROUND

On June 19, 2009, a Los Angeles County Superior Court jury found Petitioner guilty of voluntary manslaughter in violation of California Penal Code ("P.C.") § 192(a) and found true the special allegation that Petitioner personally used a deadly and dangerous weapon in violation of P.C. § 12022(b)(1).  On June 30, 2009, Petitioner was sentenced to state prison for a total of 12 years. (See Petition at 2, Exhibit "B" at 3 [California Court of Appeal Opinion, second page]).

---

dismissed that Petition without prejudice for failure to exhaust available remedies as to any of the claims alleged in that Petition.  See id., Docket Entry Nos. 5, 7-8; Petition, Exhibit "D").  The Court takes judicial notice of the records available on the PACER database. See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record, including documents on file in federal and state courts).

On March 2, 2011, the California Court of Appeal affirmed Petitioner's conviction and sentence. (See Petition at 2-3, Exhibit "A," Exhibit "B").

Petitioner filed a Petition for Review with the California Supreme Court, which was summarily denied on May 18, 2011. (See Petition at 3, Exhibit "B" at 1, Exhibit "C").[2]

On June 25, 2012, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, which was summarily denied on July 9, 2012. (See Petition, Exhibit "A" at 9).

On September 6, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254 in this Court. (Charles E. Crayon v. Rick Hill, CV 12-7643-JSL (AN)). On October 19, 2012, the Court denied and dismissed that Petition without prejudice for failure to exhaust available remedies as to any of the claims alleged in that Petition. See id., Docket Entry Nos. 5, 7-8; Petition, Exhibit "D").[3]

---

[2] The Court takes judicial notice of state court records that are available on the California Courts' website at http://appellatecases.courtinfo.ca.gov (last visited January 4, 2016). The website provides the date on which Petitioner filed his direct appeal to the California Court of Appeal and the date on which the appeal was decided, and the date on which Petition filed his Petition for Review with the California Supreme Court and the date on which the Petition for Review was denied.

[3] The Court takes judicial notice of the records available on the PACER database. See Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of

On October 16, 2015, The Ninth Circuit denied Petitioner's application to file a second or successive habeas corpus petition in the district court. (See Petition at 3-4, Exhibit "H").

## DISCUSSION

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24

undisputed matters of public record, including documents on file in federal and state courts).

4

1   (9th Cir. 1994); <u>Carothers v. Rhay</u>, 594 F.2d 225, 228 (9th Cir.

2   1979).  A claim has not been fairly presented unless the prisoner

3   has described in the state court proceedings both the operative

4   facts and the federal legal theory on which his claim is based.

5   <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>Picard v. Connor</u>, 404

6   U.S. 270, 275-78 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th

7   Cir. 1996).

8

9        Here, as Petitioner concedes (<u>see</u> Petition at 5-6; <u>see also</u>

10  Petition at 3), Petitioner has failed to present each and every

11  Ground alleged in the Petition to the California Supreme Court.

12  The Petition is therefore unexhausted and subject to dismissal on

13  its face.[4]

14

15       Petitioner has failed to state an exhausted constitutional

16  claim for relief and therefore, the Petition fails to state a claim

17  upon which relief may be granted.  If it "appears from the

18  application that the applicant or person detained is not entitled"

19  to habeas relief, a court may dismiss the action without ordering

20  service on the requested party. 28 U.S.C. § 2243; <u>see also</u> Rule 4,

21

22       [4]    In certain circumstances, the Court has authority to stay
23  a "mixed" petition containing both exhausted and unexhausted
    claims.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269 (2005); <u>King v. Ryan</u>,
24  564 F.3d 1133, 1143 (9th Cir. 2009)(stay procedure authorized by
    <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003), <u>overruled on other</u>
25  <u>grounds</u>, <u>Robbins v. Carey</u>, 481 F.3d 1143 (9th Cir. 2007) ("Kelly"
    remains available after <u>Rhines</u>).  However, the present Petition is
26  not mixed; it is completely unexhausted.  The Court cannot stay a
    completely unexhausted petition.  <u>See</u> <u>Rasberry v. Garcia</u>, 448 F.3d
27  1150, 1154 (9th Cir. 2006).

28                                    5

Rules Governing Section 2254 cases in the United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition []that the petitioner is not entitled to relief").

Petitioner may be able to present his claims to the California Supreme Court.  See In re Harris, 5 Cal.4th 813, 825 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted).[5]

///

///

///

---

[5]    The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by state procedural law.  The California Supreme Court should evaluate this matter in the first instance.  Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims.  See e.g., Park v. California, 202 F.3d 1146 (9th Cir. 2000).

**ORDER**

For the foregoing reasons, the Petition is dismissed without prejudice.[6]

DATED: <u>January 6, 2016</u>

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented this 5th day
of January 2016, by:

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[6]     This dismissal will not relieve Petitioner from complying with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), with respect to any future habeas petitions filed in this Court.  The Court notes, without deciding, that Petitioner's conviction became final on August 16, 2011, when Petitioner's time to petition the United States Supreme Court for a writ of certiorari expired.  See Wixon v. Washington, 164 F.3d 894, 897 (9th Cir. 2001); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Therefore, the AEDPA statute of limitations began to run on August 17, 2011 and, absent grounds for statutory and/or equitable tolling, expired one year later on August 17, 2012.